Argued February 19, reversed and remanded March 4, rehearing denied April 1, 1919.

## MILLER *v.* PAYETTE VALLEY LAND CO.

(178 Pac. 987.)

**Brokers—Contracts—Memorandum—Sufficiency.**

1. A memorandum *held* insufficient, under Section 808, L. O. L., on which to base an action for commissions earned by plaintiff as a broker in sale of real estate, in failing to state consideration.

[As to supplementing brokerage contract by proof of oral collateral agreement, see note in Ann. Cas. 1914A, 458.]

From Multnomah: HARRY H. BELT, Judge.

Department 1.

This is an action to recover commissions on an alleged sale of real estate. The material facts stated in the complaint are as follows: That on or about the —— day of May, 1916, defendant was and ever since has been up until the —— day of November, 1916, the owner of certain orchard property in Canyon County, Idaho, as shown by a plat thereof, recorded in Book "4" of Plats, page 33, records of Canyon County, Idaho, excepting certain lots sold to parties on contract, which said property was all the real property owned by the said defendant at all times herein mentioned; that on or about the —— day of May, 1916, at Payette, Canyon County, Idaho, the plaintiff and defendant entered into an oral agreement whereby the defendant employed plaintiff as a real estate broker to

secure a purchaser for all of the said real property owned by defendant, defendant agreeing to pay plaintiff $2,100 as commission for his services if plaintiff secured a purchaser for said property on terms which were satisfactory and would be accepted by defendant; that at said time it was agreed between plaintiff and defendant that the said agreement should be thereafter reduced to writing and signed and subscribed by the parties thereto, and on or about the twenty-ninth day of September, 1916, at Payette, Canyon County, Idaho, plaintiff and defendant entered into a memorandum of agreement, which said memorandum of agreement, and the oral agreement heretofore referred to, constitute the agreement between plaintiff and defendant, and a true and correct copy of which is in words and figures as follows, to wit:

"Whereas, there is a disagreement between Otto C. Miller, of Payette, Idaho, and the Payette Valley Land & Orchard Company, of Payette, Idaho, as to the commission to be paid in a deal pending, whereby a certain Dr. Smith proposes to buy the property of the said Payette Valley Land & Orchard Company;

"Therefore, the undersigned have agreed to a $1500 cash commission in case the deal goes through, as submitted by the Orchard Company, to be paid to the said Otto C. Miller, and $600 to be submitted to a board of arbitration, consisting of three disinterested parties. The Orchard Company to choose one man, Mr. Miller to choose one man, and these two men so chosen to select a third. This Board of Arbitration to determine whether the services of Otto C. Miller should require the payment of this additional commission of $600, after statements of facts have been submitted to them by both Otto C. Miller and the Orchard Company.

"Dated at Payette, Idaho, September 29, 1916.

"Otto C. Miller,

"The Payette Valley Land & Orchard Co.,

"By O. H. Avey,

"President."

That the said agreement was made, executed and delivered by and on behalf of the Payette Valley Land & Orchard Company, by the president of said corporation, who had full power and authority to bind said corporation, and was executed for and on behalf of said corporation; that in accordance with the terms and conditions of said contract, plaintiff secured a purchaser for said property in the person of one C. J. Smith of Portland, who was able, ready and willing to purchase the property on the terms submitted by defendant, and defendant entered into negotiations for the sale and exchange of all of its said real property, with the said C. J. Smith, acting in said negotiations through plaintiff; that at the time said memorandum of agreement was entered into, defendant had offered to convey all of its said real property to the said C. J. Smith in exchange for certain real property, owned by the said C. J. Smith, in Portland, Multnomah County, Oregon, the said sum of $15,000 to be paid by the said C. J. Smith to defendant; that for the purpose of endeavoring to defeat plaintiff's commission, as agreed upon between plaintiff and defendant, defendant's attorney and agent, acting for and on behalf of defendant, went to Portland, Oregon, to see the said C. J. Smith, and did then and there agree with the said C. J. Smith to accept the sum of $13,750 in cash, instead of the sum of $15,000 in cash, without the knowledge of plaintiff; whereas, had plaintiff been permitted to complete said negotiations and consummate said exchange and purchase of property, the said defendant would have received the amount submitted by the defendant in accordance with the written memorandum of agreement between plaintiff and defendant, but by reason of defendant offering and agreeing with the said C. J. Smith to accept a less sum than $15,000 in cash, it was

rendered impossible for plaintiff to secure for defend-
ant the amount of money which could have been
secured by defendant if said negotiations had been
carried on entirely through plaintiff; that thereafter,
on or about the ——— day of November, 1916, after de-
fendant had agreed to accept the said real property
in Multnomah County, Oregon, and the said sum of
$13,750 from the said C. J. Smith, the said C. J. Smith
did purchase all of said real property from defend-
ant, and secured deeds therefor, and did make, exe-
cute and deliver to defendant his deed to the said real
property in Multnomah County, Oregon, and did pay
to defendant the said sum of $13,750, and that thereby
plaintiff became entitled to the sum of $2,100 commis-
sion for his services so performed at the special in-
stance and request of defendant, and that prior to the
institution of this action, defendant informed plaintiff
that defendant would not pay plaintiff any part of his
said commission for securing said purchaser for said
property, and did refuse to arbitrate the sum of $600,
as mentioned in said memorandum of agreement;
plaintiff alleges that on account of defendant's failure
and refusal to pay any part of said commission, or to
arbitrate said sum of $600, that thereby defendant be-
came indebted to plaintiff for the whole of said com-
mission, amounting to $2,100.

To this was interposed what was substantially a
general demurrer, which being overruled, defendant
answered by a general denial, and by way of further
defense pleaded the statute of frauds. It was also al-
leged that after the execution of the writing above
quoted, plaintiff came to Portland, Oregon, and nego-
tiated with Dr. C. J. Smith for the sale of the prop-
erty, owned by defendant, upon the terms submitted by
defendant. Such negotiations failed and the prop-

erty was not sold by plaintiff, or anyone else, and thereafter the writing mentioned was modified, by mutual agreement of the parties, in the following particulars:

"The said Dr. C. J. Smith offered to buy said property for the sum of $13,750, and declined to give more than said sum, and the defendant offered to sell said property for the sum of $15,000, and declined to take a less sum therefor, the difference between the offer made by defendant and that made by Dr. Smith being the sum of $1,250. Thereupon it was agreed between plaintiff and defendant that the commission to be received by said plaintiff, under the writing mentioned in paragraph II hereof, should be reduced by the sum of $1,250, and that if a sale was consummated at $13,750, plaintiff should be paid the sum of $250 in cash, and the payment of the sum of $600 should be arbitrated in the manner specified in said writing. Thereafter, in consideration of the modification of plaintiff's contract for commission, and of the reduction of the commission to be received by plaintiff, in plaintiff's presence and at his request, defendant reduced the selling price of said property to $13,750 and accepted the offer made by Dr. C. J. Smith, which offer and acceptance later resulted in a sale of the property for the sum of $13,750.00."

The answer having been put in issue by appropriate denials, the case was tried before a jury, which rendered a verdict in favor of plaintiff for $1,500, and from a judgment thereon defendant appeals.

REVERSED AND REMANDED.

For appellant there was a brief over the names of *Messrs. Griffith, Leiter & Allen* and *Mr. Bert W. Henry*, with oral arguments by *Mr. Harrison Allen* and *Mr. Henry.*

For respondent there was a brief over the names of *Mr. Henry L. Lyons, Mr. Ralph W. Swagler* and *Mr.*

*Arthur Langguth,* with an oral argument by *Mr. Lyons.*

McBRIDE, C. J.—1. The view we take of the written memorandum submitted, renders a discussion of many of the alleged errors unnecessary.

In its final analysis this is an action to recover a broker's commission upon a sale of lands.  It is not an action based upon a contract for the compromise of a disputed claim, but is put flatly upon an obligation to pay brokerage in case of a sale of defendant's lands. It is not an action for damages for breach of the contract, but one for commissions fully earned by performance of plaintiff's part of the contract.  It must, therefore, be tested by our statute in regard to brokerage, which is as follows:

"In the following cases the agreement is void unless the same or some note or memorandum thereof, expressing the consideration, be in writing and subscribed by the party to be charged, or by his lawfully authorized agent; evidence, therefore, of the agreement shall not be received other than the writing, or secondary evidence of its contents, in the cases prescribed by law: * *

"Subdiv. 8.   An agreement entered into subsequent to the taking effect of this act authorizing or employing an agent or broker to sell or purchase real estate for compensation or a commission": Section 808, L. O. L.

The agreement offered in evidence does not state the consideration.  A certain sum is to be paid "if the deal goes through," but whether for services rendered, or to be rendered, by plaintiff, or for charity, or as a gift, does not appear.  It does not appear from the agreement that plaintiff had rendered any services in the past, or was to render any in the future, in order to bring about a sale or trade between defendant and

Dr. C. J. Smith. Conceding that the description of the property to be sold is sufficient, it is plain that oral evidence, to supply missing terms in the alleged agreement, must be introduced to show the consideration, and whenever this is the case the agreement is void.

It is needless to cite authorities, or attempt to construe the plain language of the statute, in such a way as to escape the sometimes harsh consequences of enforcing it. Neither the complaint nor the evidence disclose a cause of action to recover commissions, which is within the statute.

The judgment of the Circuit Court is reversed and the cause remanded for proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.    REHEARING DENIED.

BEAN, BENSON and HARRIS, JJ., concur.